(95 Misc. Rep. 255)

### SEIDEN v. STERN.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

PAWNBROKERS ⊙═9—ACTIONS AGAINST FOR GOODS—GOODS STOLEN.

In action against pawnbroker for failure to deliver ring, pledged under agreement that defendant was "not accountable for loss, damage by fire, breakage, or robbery," evidence established the defense that ring had been stolen.

[Ed. Note.—For other cases, see Pawnbrokers, Dec. Dig. ⊙═9.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Seiden against Adolph Stern. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Michael J. Sweeney, of New York City, for appellant.
Samuel G. Geller, of New York City, for respondent.

COHALAN, J. The defendant is a licensed pawnbroker of this city, and on November 23, 1914, the plaintiff pledged a diamond ring with him, for which plaintiff has recovered a judgment herein for the sum of $25 for failure to deliver the same upon demand, and after tender of the amount due thereon. Upon the trial the pawn ticket was introduced in evidence and printed thereon appeared these words:

"Not accountable for loss, damage by fire, breakage, or robbery."

No claim is made that these words would relieve the defendant from the consequences of his own negligence. The defense set up was that the ring had been stolen. The evidence as to the robbery was undisputed. On January 15, 1915, at a little after 8 a. m., three men, then unknown to the defendant, entered the defendant's store, sprang the Yale lock from the inside, held revolvers pointed at the defendant's son and two of his employés, the only persons in the store at that time, then tied them together, and robbed the store, taking from the two safes used for storing pledges the goods therein, and left the store, taking with them the stolen property. One of the persons committing

the robbery is now serving a term in prison, and the other two are under indictment.

It was shown that some time between January 8 and January 12, 1915, the defendant took an inventory of his goods, and that the diamond ring in question was placed in one of the safes from which the contents were taken by the robbers. It further appeared that one Dickler, one of the employés of the defendant in the store at the time of the robbery, was implicated in the matter, and presumably shared in the proceeds of the stolen goods; but it was also shown that Dickler had been in the defendant's employ for over three years prior thereto, and had come to him well recommended, and there was nothing shown from which a claim of negligence in his employment could be predicated. The defendant fully overcame any presumption of negligence arising from his failure to deliver the ring to the plaintiff in compliance with his demand, and the judgment cannot lawfully be sustained.

Judgment reversed, with $30 costs to the appellant, and the complaint dismissed, with costs. All concur.